## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| THOMAS M. BRADDY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:15CV57–HEH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION
**(Granting Defendant's Motion to Dismiss)**

Thomas M. Braddy, Jr. ("Braddy"), a federal inmate confined in the Federal

Correctional Complex in Petersburg, Virginia, filed suit in the Circuit Court for Prince

George County, Virginia (the "Circuit Court") for breach of contract.[1]   Defendant United

States of America ("Defendant") removed the case to this Court.[2]   This matter is before

the Court on Defendant's  Motion to Dismiss for Lack of Subject Matter Jurisdiction and

Braddy's Motion to Amend and Motion to Remand.   For the reasons set forth below,

Defendant's Motion to Dismiss will be granted, and Braddy's Motion to Amend and

Motion to Remand will be denied.

---

[1] Braddy titled the action, "BILL AT LAW BREACH OF CONSTITUTIONAL CONTRACT
RESCISION OF CITIZENSHIP AS CONTEMPLATED IN THE UNITED STATES
CONSTITUTIONAL COMPACT." ("Complaint," ECF No. 1–3, at 1.)

[2] Although Braddy names as defendants, "UNITED STATES OF AMERICA, INC.," and "NOTICE TO
THE UNION OF STATES, et al.," the Court refers to the defendant simply as the United States of
America. (Compl. 1.)

## I. Summary of Allegations

At the end of his Complaint, Braddy states that he "simply wants out of this adhesion contract otherwise know[n] as the United States Constitution and seek[s] damages in the amount of $25,000,000.00 pain and suffering and the loss of Constitutional guarantees." (Compl. 4–5.) Elsewhere in his Complaint, Braddy states:

> It has become abundantly clear that over the last 400 years, the United States of America, Inc., (USA), perspective states, and that all other members of the Union, i.e., statutorialy [sic] created corporations, associations, and the like, along with generally the other class of "union" members, i.e., whites, have failed to properly and in good faith exe[r]cise Due Process of law and Equal Protection of the Law as contemplated in the Constitution as well as perspective state Constitutions, with the Plaintiff, an African American, and others similarly situated.

(*Id.* at 1.) In a memorandum accompanying the Complaint, Braddy suggests that his current incarceration constitutes a breach of the contract known as the Constitution. (Mem. Supp. Compl. 11.) Under the most generous interpretation, it appears Braddy seeks to bring claims for damages against the United States (1) for violating his constitutional rights and (2) breach of contract.

## II. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir. 1988) (citation omitted) (internal quotation marks omitted). "[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v.*

*Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted).  Because the Circuit

Court lacked jurisdiction over Braddy's claims, so too does this Court.

### B. Constitutional Claims

"Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit.  Sovereign immunity is jurisdictional in nature.  Indeed, the terms of

consent of [the United States] to be sued in any court define that court's jurisdiction to

entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original)

(internal citations and quotation marks omitted) (citing *United States v. Mitchell*, 463

U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  The United

States has not waived sovereign immunity for suits seeking damages based on allegations

of constitutional violations.  *Radin v. United States*, 699 F.2d 681, 684–85 (4th Cir.

1983).  Thus, Braddy's attempt to sue the United States for violating his constitutional

rights is barred by sovereign immunity.  Accordingly, Braddy's constitutional claims will

be dismissed.

### C. Contract Claims

The most closely applicable statute for Braddy's remaining contract claims,

through which the United States has waived sovereign immunity, is the "Big Tucker

Act," 28 U.S.C. § 1491.  *Smeltzer v. United States*, No. 96–2241, 1997 WL 755419, at *1

(4th Cir. Dec. 8, 1997).  This act grants the Court of Federal Claims exclusive jurisdiction

over breach of contract claims against the United States when the amount in controversy

exceeds $10,000.  *Id.* (citing *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988)).

The Big Tucker Act, however, does not grant state courts jurisdiction over these claims.

*See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (explaining that in suits against the United States, state courts lack subject matter jurisdiction unless the waiver of sovereign immunity expressly grants jurisdiction to state courts).[3]

### 1. Derivative Jurisdiction

Defendant removed this case under 28 U.S.C. § 1442(a)(1),[4] which permits the Government to remove a civil case that is filed against the United States in state court. 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when the Government removes a case under § 1442. *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007). Upon removal, under the doctrine of derivative jurisdiction, the federal court acquires only the jurisdiction possessed by the state court prior to removal. *See id.* at 244, 246. When, as here, the state court lacks subject matter jurisdiction, the federal court does not acquire jurisdiction upon removal, "even though in

---

[3] The "Little Tucker Act," 28 U.S.C. § 1346, grants federal district courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States not exceeding $10,000. *Randall v. United States*, 95 F.3d 339, 346–47 (4th Cir. 1996). Like the "Big Tucker Act," the Little Tucker Act also fails to grant state courts jurisdiction. *See Bullock*, 666 F.3d at 285. Accordingly, Braddy's Motion to Amend (ECF No. 5), wherein he seeks to reduce the damages demanded to bring him within the confines of the "Little Tucker Act," will be denied as futile because the requested amendment would not cure the Complaint's jurisdictional defects.

[4] That statute provides:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

a like suit originally brought in federal court, the court would have had jurisdiction."

*Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873

F.2d 67, 70 (4th Cir. 1989)).[5]

### 2. Analysis

Although styled as a breach of contract claim, Braddy may only bring his initial

complaint against the United States pursuant to the "Big Tucker Act." 28 U.S.C. § 1491.

The Circuit Court lacked subject matter jurisdiction over claims brought pursuant to that

Act. *Bullock*, 666 F.3d at 285 (observing that "state courts do not have presumptive

jurisdiction to decide suits against the United States"). Pursuant to the doctrine of

derivative jurisdiction, this Court's jurisdiction over a removed case is the same as that of

the state court from which the case originated. *Palmer*, 498 F.3d at 244.[6] Because the

Circuit Court lacked jurisdiction over Braddy's case, this Court never acquired subject

matter jurisdiction over the matter, and accordingly, must dismiss the case. *See, e.g.,*

*Patton v. F.B.I.*, No. 2:14–13347, 2014 WL 3496112, at *3 (S.D. W. Va. July 11, 2014).

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss

any action filed by a prisoner if the Court determines the action "(1) is frivolous,

malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary

---

[5] Notably, this Court would not have had jurisdiction over Braddy's initial action, as it falls within the exclusive jurisdiction of the Court of Federal Claims.

[6] In *Palmer*, a third-party plaintiff brought, *inter alia*, breach of contract claims against third-party defendants who were federal agencies. 498 F.3d at 239. The third-party defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a). *Id.* The court dismissed the action pursuant to the doctrine of derivative jurisdiction, noting that the third-party plaintiff "remains free to bring a separate action against the federal defendants in an appropriate forum, *i.e.*, the Court of Federal Claims, for its contract action, in accordance with the [Big] Tucker Act . . . ." *Id.* at 247.

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Accordingly, because this Court lacks jurisdiction and cannot legally adjudicate Braddy's

claims, dismissal is appropriate under § 1915A(b)(1) because Braddy's Complaint fails to

state a claim upon which relief may be granted.

### III. Conclusion

Defendant's Motion to Dismiss (ECF No. 2) will be granted. Braddy's Motion to

Amend (ECF No. 5) and Motion to Remand (ECF No. 6) will be denied. The action will

be dismissed for lack of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.


_____ /s/ _____
Henry E. Hudson
United States District Judge

Date: June 15 2015
Richmond, Virginia